IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| E&B ELECTRIC SERVICE, LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § CIVIL ACTION NO: 6:20-cv-00392 |
| | § |
| UNIFIED SERVICES OF TEXAS | § |
| INCORPORATED AND | § |
| MID-CONTINENT CASUALTY | § |
| COMPANY, | § |
| | § |
| Defendants. | § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF E&B ELECTRIC SERVICE, LLC ("PLAINTIFF") and complaining of the acts and/or omissions of DEFENDANT UNIFIED SERVICES OF TEXAS, INCORPORATED ("DEFENDANT UNIFIED") and of DEFENDANT MID-CONTINENT CASUALTY COMPANY ("DEFENDANT MID-CONTINENT"), and for cause of action would respectfully show the Court as follows:

**I.
PARTIES**

1.01   Plaintiff is a limited liability company organized under the laws of the State of Texas with its principal place of business in Garland, Texas.

1.02   Defendant Unified is a corporation formed under the laws of the State of Texas **and it may be served with process and a copy of Plaintiff's Original Complaint by serving its registered agent, Marshall D. Ryan, at 2110 Greenbriar Drive, Southlake, Texas 76092, or wherever he may be found.**

1.03 Defendant Mid-Continent is a corporation formed under the laws of the State of Oklahoma **and it may be served with process by serving its registered agent, Margaret A. Bounds, at 3100 South Gessner Road, Suite 600, Houston, Texas 77063, or wherever she may be found.**

## II.
## JURISDICTION

2.01. This Court has jurisdiction over this lawsuit under 40 U.S. C. § 3133(b)(1) because Plaintiff furnished labor and materials in carrying out work provided in construction contracts for which payment bonds were furnished under 40 U.S.C. § 3131 and said labor and materials have not been paid in full within 90 days after the day on which Plaintiff did or performed the last of the labor or furnished or supplied the materials for which the claims are made.

## III.
## VENUE

3.01 Venue is proper in this district under 40 U.S.C. § 3133(b)(3)(B) because this district is one in which one of the construction contracts that Plaintiff executed was to be performed.

## IV.
## FACTUAL OVERVIEW

4.01. Plaintiff and Defendant Unified entered into a subcontract agreement on or about November 27, 2018 whereby Defendant Unified hired Plaintiff to perform the electrical work for a construction project commonly known as the AAFES Kouma Express Ft. Hood project located at Fort Hood, Texas (the "Kouma Project."). Plaintiff performed the electrical work on the Project until Defendant Unified wrongfully terminated the parties' subcontract agreement. To date, Defendant Unified has failed

and refused to fully pay Plaintiff for the work performed on the Kouma Project and Defendant Unified still owes Plaintiff $53,505.00. Plaintiff fully performed, or alternatively, substantially performed, all of its contractual obligations to Defendant Unified by providing the labor and materials agreed to by the parties. All conditions precedent to Plaintiff's right to payment and full enforcement of the parties' subcontract agreement regarding the Kouma Project have been satisfied.

4.06.   Plaintiff and Defendant Unified also entered into a second subcontract agreement on or about September 13, 2018 whereby Defendant Unified hired Plaintiff to perform the electrical work on a construction project commonly known as the AF B1630 Renovation/NRS JRB project, which is located in Fort Worth, Texas (the "Fort Worth Project"). Plaintiff performed the electrical work on the Fort Worth Project until Defendant Unified wrongfully terminated the parties' subcontract agreement. To date, Defendant Unified has failed and refused to fully pay Plaintiff for the work performed on the Fort Worth Project and Defendant Unified still owes Plaintiff $12,800.00. Plaintiff fully performed, or alternatively, substantially performed, all of its contractual obligations to Defendant Unified by providing the labor and materials agreed to by the parties. All conditions precedent to Plaintiff's right to payment and full enforcement of the parties' subcontract agreement regarding the Fort Worth Project have been satisfied.

4.07   Plaintiff and Defendant Unified also entered into a third subcontract agreement on or about September 18, 2018 whereby Defendant Unified hired Plaintiff to perform the electrical work on a construction project commonly known as AF B1656 Renovations/B1656/NAS JRB, which is located in Fort Worth, Texas (the "Second Fort Worth Project"). Plaintiff performed the electrical work on the Second Fort Worth Project until Defendant Unified wrongfully terminated the parties' subcontract agreement. To date, Defendant Unified has failed and refused to fully pay Plaintiff for

the work performed on the Second Fort Worth Project and Defendant Unified still owes Plaintiff $3,000.00. Plaintiff fully performed, or alternatively, substantially performed, all of its contractual obligations to Defendant Unified by providing the labor and materials agreed to by the parties. All conditions precedent to Plaintiff's right to payment and full enforcement of the parties' subcontract agreement regarding the Second Fort Worth Project have been satisfied.

4.08. Defendant Mid-Continent is a surety company that issued a payment bond along with Defendant Unified for the Kouma Project (the "Kouma Payment Bond"). Defendant Mid-Continent and Defendant Unified also issued a payment bond for the Fort Worth Project (the "Fort Worth Payment Bond"). Finally, Defendant Mid-Continent and Defendant Unified issued a payment bond for the Second Fort Worth Project (the "Second Fort Worth Payment Bond"). As first-tier subcontractor, Plaintiff has rights against each of these payment bonds issued by Defendant Mid-Continent and Defendant Unified. Defendant Mid-Continent, as the surety on each of these payment bonds, is liable to Plaintiff for the amounts owed to Plaintiff by Defendant Unified on the Kouma Project, the Fort Worth Project, and the Second Fort Worth Project.

## V.
## COUNT ONE AGAINST DEFENDANT UNIFIED: CLAIM FOR BREACH OF CONTRACT ON THE KOUMA PROJECT

5.01. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1.01 - 4.08 as though fully set forth at length herein.

5.02. Defendant Unified breached the subcontract agreement regarding the Kouma Project by failing and refusing to pay Plaintiff $53,505.00, which represents the unpaid balance of the agreed price for the labor, materials, and services that Plaintiff provided to the Kouma Project or, alternatively, represents a reasonable price at the

times and places that Plaintiff furnished labor, materials, and service to Defendant Unified for the Kouma Project.

5.03.   As a result of Defendant Unified's breach of the subcontract agreement regarding the Kouma Project, Plaintiff has incurred damages in the principal amount of at least $53,505.00 for which Plaintiff sues Defendant Unified.  Plaintiff also seeks recovery of the highest legal and equitable interest on its damages allowed by Texas law, attorney's fees and court costs.

## VI.
## COUNT TWO AGAINST DEFENDANT UNIFIED:
## CLAIM FOR BREACH OF CONTRACT ON THE FORT WORTH PROJECT

6.01.   Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1.01 – 5.03 as though fully set forth at length herein.

6.02.   Defendant Unified breached the subcontract agreement regading the Fort Worth Project by failing and refusing to pay Plaintiff $12,800.00, which represents the unpaid balance of the agreed price for the labor, materials, and services that Plaintiff provided to the Fort Worth Project or, alternatively, represents a reasonable price at the times and places that Plaintiff furnished labor, materials, and service to Defendant Unified for the Fort Worth Project.

6.03.   As a result of Defendant Unified's breach of the subcontract agreement regarding the Fort Worth Project, Plaintiff has incurred damages in the principal amount of at least $12,800.00 for which Plaintiff sues Defendant Unified.  Plaintiff also seeks recovery of the highest legal and equitable interest on its damages allowed by Texas law, attorney's fees and court costs.

## VII.
## COUNT THREE AGAINST DEFENDANT UNIFIED: CLAIM FOR BREACH OF CONTRACT ON THE SECOND FORT WORTH PROJECT

7.01.   Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1.01 – 6.03 as though fully set forth at length herein.

7.02.   Defendant Unified breached the subcontract agreement regarding the Second Fort Worth Project by failing and refusing to pay Plaintiff $3,000.00, which represents the unpaid balance of the agreed price for the labor, materials, and services that Plaintiff provided to the Second Fort Worth Project or, alternatively, represents a reasonable price at the times and places that Plaintiff furnished labor, materials, and service to Defendant Unified for the Second Fort Worth Project.

7.03.   As a result of Defendant Unified's breach of the subcontract agreement regarding the Second Fort Worth Project, Plaintiff has incurred damages in the principal amount of at least $3,000.00 for which Plaintiff sues Defendant Unified.  Plaintiff also seeks recovery of the highest legal and equitable interest on its damages allowed by Texas law, attorney's fees and court costs.

## VIII.
## COUNT FOUR AGAINST DEFENDANT UNIFIED: QUANTUM MERUIT CLAIM REGARDING KOUMA PROJECT

8.01.   Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1.01 - 7.03 as though fully set forth at length herein.

8.02.   Pleading in the alternative to the preceding Count One for Claim for Breach of Contract regarding the Kouma Project and without waiving the same, Plaintiff would show that Defendant Unified has retained the benefits of the labor, materials, and services that Plaintiff furnished to the Kouma Project without fully paying Plaintiff for such labor, materials, and services.  Consequently, Defendant

Unified will be unjustly enriched if it is allowed to retain the benefit of the labor, materials, and services that Plaintiff furnished without paying reasonable compensation to Plaintiff. Defendant Unified knew or should have known that Plaintiff expected payment for the labor, materials, and services that it provided.

8.03. Therefore, based upon the equitable principle of quantum meruit, Plaintiff seeks to recover from Defendant Unified the reasonable value for the labor, materials, and services that Plaintiff provided to Defendant Unified for the benefit of Defendant Unified and the Kouma Project. A reasonable value of the labor and materials that Plaintiff has furnished to Defendant Unified and the Kouma Project is $53,505.00, and Plaintiff sues Defendant Unified for said damages, along with the highest legal and equitable interest allowed by law, attorney's fees, and court costs.

## IX.
## COUNT FIVE AGAINST DEFENDANT UNIFIED: QUANTUM MERUIT CLAIM REGARDING FORT WORTH PROJECT

9.01. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1.01 - 8.03 as though fully set forth at length herein.

9.02. Pleading in the alternative to the preceding Count One for Claim for Breach of Contract regarding the Fort Worth Project and without waiving the same, Plaintiff would show that Defendant Unified has retained the benefits of the labor, materials, and services that Plaintiff furnished to the Fort Worth Project without fully paying Plaintiff for such labor, materials, and services. Consequently, Defendant Unified will be unjustly enriched if it is allowed to retain the benefit of the labor, materials, and services that Plaintiff furnished without paying reasonable compensation to Plaintiff. Defendant Unified knew or should have known that Plaintiff expected payment for the labor, materials, and services that it provided.

9.03.    Therefore, based upon the equitable principle of quantum meruit, Plaintiff seeks to recover from Defendant Unified the reasonable value for the labor, materials, and services that Plaintiff provided to Defendant Unified for the benefit of Defendant Unified and the Fort Worth Project.  A reasonable value of the labor and materials that Plaintiff has furnished to Defendant Unified and the Fort Worth Project is $12,800.00, and Plaintiff sues Defendant Unified for said damages, along with the highest legal and equitable interest allowed by law, attorney's fees, and court costs.

## X.
## COUNT SIX AGAINST DEFENDANT UNIFIED: QUANTUM MERUIT CLAIM REGARDING THE SECOND FORT WORTH PROJECT

10.01. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1.01 - 9.03 as though fully set forth at length herein.

10.02. Pleading in the alternative to the preceding Count One for Claim for Breach of Contract regarding the Second Fort Worth Project and without waiving the same, Plaintiff would show that Defendant Unified has retained the benefits of the labor, materials, and services that Plaintiff furnished to the Second Fort Worth Project without fully paying Plaintiff for such labor, materials, and services.  Consequently, Defendant Unified will be unjustly enriched if it is allowed to retain the benefit of the labor, materials, and services that Plaintiff furnished without paying reasonable compensation to Plaintiff. Defendant Unified knew or should have known that Plaintiff expected payment for the labor, materials, and services that it provided.

10.03.    Therefore, based upon the equitable principle of quantum meruit, Plaintiff seeks to recover from Defendant Unified the reasonable value for the labor, materials, and services that Plaintiff provided to Defendant Unified for the benefit of Defendant Unified and the Second Fort Worth Project.  A reasonable value of the labor and

materials that Plaintiff has furnished to Defendant Unified and the Kouma Project is $3,000.00, and Plaintiff sues Defendant Unified for said damages, along with the highest legal and equitable interest allowed by law, attorney's fees, and court costs.

## XI.
## COUNT SEVEN AGAINST DEFENDANT UNIFIED AND DEFENDANT MID-CONTINENT: BOND CLAIM ACTION REGARDING KOUMA PROJECT

11.01. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1.01 - 10.03 as though fully set forth at length herein.

11.02. Defendant Mid-Continent is a surety company that issued a payment bond along with Defendant Unified for the Kouma Project (the "Kouma Payment Bond").  As first-tier subcontractor, Plaintiff has rights for non-payment against the Kouma Payment Bond issued by Defendant Mid-Continent and Defendant Unified. Pursuant to the Miller Act, Defendant Mid-Continent, as the surety on the Kouma Payment Bond, and Defendant Unified, as the principal on the Kouma Payment Bond, are both liable to Plaintiff for the amounts owed to Plaintiff by Defendant Unified on the Kouma Project, which said amount is $53,505.00.  Accordingly, Plaintiff brings this bond claim action against Defendant Mid-Continent and Defendant Unified to seek recovery of said damages.

11.03. All conditions precedent have been met in order to create and perfect Plaintiff's bond claim against the Kouma Payment Bond.

## XII.
## COUNT EIGHT AGAINST DEFENDANT UNIFIED AND DEFENDANT MID-CONTINENT: BOND CLAIM ACTION REGARDING FORT WORTH PROJECT

12.01. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1.01 - 11.03 as though fully set forth at length herein.

12.02. Defendant Mid-Continent is a surety company that issued a payment bond along with Defendant Unified for the Fort Worth Project (the "Fort Worth Payment Bond"). As first-tier subcontractor, Plaintiff has rights for non-payment against the Fort Worth Payment Bond issued by Defendant Mid-Continent and Defendant Unified. Pursuant to the Miller Act, Defendant Mid-Continent, as the surety on the Fort Worth Payment Bond, and Defendant Unified, as the principal on the Kouma Payment Bond, are both liable to Plaintiff for the amounts owed to Plaintiff by Defendant Unified on the Fort Worth Project, which said amount is $12,800.00. Accordingly, Plaintiff brings this bond claim action against Defendant Mid-Continent and Defendant Unified to seek recovery of said damages.

12.03. All conditions precedent have been met in order to create and perfect Plaintiff's bond claim against the Fort Worth Payment Bond.

### XIII.
### COUNT NINE AGAINST DEFENDANT UNIFIED AND DEFENDANT MID-CONTINENT: BOND CLAIM ACTION REGARDING THE SECOND FORT WORTH PROJECT

13.01. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1.01 - 12.03 as though fully set forth at length herein.

13.02. Defendant Mid-Continent is a surety company that issued a payment bond along with Defendant Unified for the Second Fort Worth Project (the "Second Fort Worth Payment Bond"). As first-tier subcontractor, Plaintiff has rights for non-payment against the Second Fort Worth Payment Bond issued by Defendant Mid-Continent and Defendant Unified. Pursuant to the Miller Act, Defendant Mid-Continent, as the surety on the Second Fort Worth Payment Bond, and Defendant Unified, as the principal on the Second Fort Worth Payment Bond, are both liable to Plaintiff for the amounts owed to Plaintiff by Defendant Unified on the Second Fort Worth Project, which said amount

is $3,000.00. Accordingly, Plaintiff brings this bond claim action against Defendant Mid-Continent and Defendant Unified to seek recovery of said damages.

13.03. All conditions precedent have been met in order to create and perfect Plaintiff's bond claim against the Kouma Payment Bond.

## XIV.
## COUNT TEN AGAINST DEFENDANT UNIFIED AND DEFENDANT MID-CONTINENT: CLAIM FOR PRE-JUDGMENT INTEREST

14.1. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1.01 - 13.03 as though fully set forth at length herein.

14.2. Plaintiff seeks to recover pre-judgment interest as provided by law.

## XV.
## COUNT ELEVEN:
## CLAIM FOR ATTORNEY'S FEES

15.01. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1.01 - 14.2 as though fully set forth at length herein.

15.02. More than 30 days have elapsed since Plaintiff demanded payment from Defendant Unified of the principal amounts sued for regarding the Kouma Project, the Fort Worth Project, and the Second Fort Worth Project. Plaintiff has employed the undersigned attorney to represent it in this lawsuit and agreed to pay him reasonable and necessary attorneys' fees for their services.

15.03. Pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, the subcontract agreements at issue, and all applicable common law, Plaintiff seeks to recover from Defendant Unified reasonable and necessary attorney's fees and costs of court incurred by Plaintiff in the prosecution of this lawsuit. Costs and attorney's fees should be awarded for services rendered through and including the time of trial, any post-trial motion, and appeal to the Fifth Circuit Court of Appeals, and for appearing before the United States Supreme Court.

## XVI.
## CONDITIONS PRECEDENT

16.01. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1.01 - 15.3 as though fully set forth at length herein.

16.02. All conditions precedent to Plaintiff's right to recover the above pled damages and requested relief from Defendants have already occurred, have already been met, have been waived, or are not enforceable under Texas law, statutory or common law.

## XVII.
## JURY DEMAND

17.01. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1.01 - 15.3 as though fully set forth at length herein.

17.02   Plaintiff requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONDIDERED, Plaintiff respectfully asks that the Court grant the relief herein requested; render judgment against Defendant Unified and Defendant Mid-Continent in the amount of at least $69,305.00, plus pre-judgment interest, post judgment interest, court costs and attorneys fees; and for all other relief at law or in equity to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE LAW FIRM OF CHRISTOPHER D. MONTEZ, PLLC

By: /s/Christopher D. Montez
Christopher D. Montez
State Bar No. 24032748
E-mail: crossmontez@gmail.com
12222 Merit Drive, Suite 1200
Dallas, Texas 75251
Telephone: (214) 202 – 2571
Facsimile: (877) 765 – 6488

ATTORNEY FOR PLAINTIFF
E&B ELECTRIC SERVICE, LLC